IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00206-CR

 

Joseph Ervin Robbins,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 18th District Court

Johnson County, Texas

Trial Court No. F38796

 



RECUSAL ORDER










 

            I hereby recuse myself from further participation
in this case.  Tex. Code Crim. Proc.
Ann., art. 30.01 (Vernon 2006); Tex.
Code Jud. Conduct, Cannons 1, 2, and 3 (B)(8), reprinted in Tex. Gov’t Code Ann., tit. 2, subtit. G
app. B (Vernon 2005); Tex. R. App. P.
16.1 and 16.2; and Tex. R. Civ. P.
18b(1)(c) and 18b(2)(a) and (f)(i).

 

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

                                                                        Date:
____________________________






he mere filing of a pleading or letter
with the clerk does not impute knowledge to the trial court.  See In re
Flores, No. 04-03-00449-CV, 2003 WL 21480964 (Tex. App.—San Antonio June
25, 2003, orig. proceeding).  Whitfield has not shown that he has brought the
matter to the attention of the trial judge.

            Because Whitfield has not
shown that he is entitled to relief, we deny the petition for writ of mandamus.

 

REX D. DAVIS

Justice

Before
Chief Justice Gray,

Justice Reyna, and

Justice Davis

Petition
denied

Opinion
delivered and filed July 7, 2010

[OT06]









[1] Whitfield’s
“application” for writ of mandamus has several procedural deficiencies.  It
does not include the certification required by Rule of Appellate Procedure
52.3(j).  See Tex. R. App. P.
52.3(j).  Copies of the supporting documents are not certified or sworn to, as
required by Rules 52.3(k) and 52.7(a)(1).  See id. 52.3(k), 52.7(a)(1). 
And it lacks proof of service on the Freestone County District Attorney, a
Real-Party-in-Interest.  See id. 52.2.  A copy of all documents
presented to the Court must be served on all parties to the proceeding
and must contain proof of service.  Id. 9.5.  Because of our disposition
and to expedite it, we will implement Rule 2 and suspend these rules in this
proceeding only.  Id. 2.

 





[2]
Article 64.04 provides:  “After examining the results of testing under Article
64.03, the convicting court shall hold a hearing and make a finding as to
whether, had the results been available during the trial of the offense, it is
reasonably probable that the person would not have been convicted.”  Tex. Code Crim. Proc. Ann. art. 64.04
(Vernon 2006); see In re Jackson, 238 S.W.3d 605 (Tex. App.—Waco 2007,
orig. proceeding).